E. M. House v. Steffy & Wilson et al., Appellants.

**New trial:** INCONSISTENT FINDINGS. Where by special verdict any cause of action for plaintiff under the evidence is negatived, the court should enter judgment rather than grant a new trial, notwithstanding a general verdict for plaintiff.

*Appeal from Iowa District Court.*— Hon. O. A. Byington, Judge.

Tuesday, October 15, 1907.

Action to recover a commission for the sale of the property of defendants to a purchaser procured by plaintiff. There was a verdict for plaintiff, but, on motion of defendants for judgment on a special finding, the court refused to enter such judgment and ordered a new trial. The defendants appeal.— *Reversed.*

*Popham & Havner* and *C. Hedges,* for appellants.

No appearance for appellee.

McCLAIN, J.— Plaintiff alleged an agreement with defendants to pay him a commission for the sale of defendants' property to a prospective purchaser and the procuring of the sale of the property by him according to such an agreement, and fixed the value of his services at $175. The evidence was in conflict as to whether there was any agreement by which plaintiff was entitled to a commission from defendants on the sale of the property. The court instructed the jury that, unless the making of the agreement referred to between plaintiff and defendants was found to be established by the evidence, the jury should find for the defendants. In answer to a special interrogatory, the jury found that defendants did not " employ or authorize plaintiff· to procure a purchaser for " the property, and returned a general verdict for the plaintiff for $10.

Under the issues, the evidence, and the instructions, it is clear that the special finding, that defendants did not employ or authorize plaintiff to procure a purchaser, negatived any cause of action on the part of plaintiff. Under Code, section 3728, a special finding controls the general verdict when necessarily in conflict therewith, and the court should have rendered a judgment for the defendants in accordance with defendants' request. While under the statutory provision the court is to give judgment or set aside the verdict, as justice may require, we have repeatedly held that, if the special finding is itself sufficient to determine the right to a judgment under the issues, judgment should be rendered accordingly. We think it was not within the discretion of the court to grant a new trial, instead of entering judgment for defendants.

The ruling of the trial court is therefore reversed, with direction that judgment be entered for defendants on the special finding.— *Reversed.*